IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

MARGARET "MEG" KNOWLES,

                              Petitioner,

        v.

UNITED STATES OF AMERICA,

                              Respondent.

OPINION & ORDER

17-cv-792-jdp

Petitioner Margaret Knowles pleaded guilty to one count of attempting to obtain controlled substances by fraud or deception, in violation of 21 U.S.C. §§ 843 and 846. In her written plea agreement, Knowles waived her right to appeal her conviction and any sentence of incarceration of 16 months or less. She received a guideline sentence of 16 months incarceration, to be followed by a year of supervised release. Knowles did not file a direct appeal of her conviction or sentence, which is not surprising in light of her plea waiver.

But now Knowles has filed a petition under 28 U.S.C. § 2255, in which she asks the court to vacate her sentence, allow her to withdraw her guilty plea, and vacate her conviction. Dkt. 7. She asks for expedited review because she is more than eight months in on her 16-month sentence. Dkt. 11. I will grant the request for expedited review, but I will deny the petition because none of her proffered grounds for relief have even arguable merit.

One fundamental problem is that Knowles's main argument is that the court erred in applying several guideline enhancements, as if she were making a direct appeal of the reasonableness of her sentence. But all issues concerning the court's calculation of the guideline range and the reasonableness of her sentence were expressly waived in her plea agreement, so long as she got a sentence of 16 months or less. Dkt. 14, ¶ 3. (Docket citations are to the

criminal case, *U.S. v. Knowles*, No. 16-cr-84 (W.D. Wis.), unless otherwise noted.) She cannot avoid the consequences of that agreement simply by repackaging her appeal as a § 2255 petition. "[T]he general rule [is] that claims not raised on direct appeal may not be raised on collateral review unless the petitioner shows cause and prejudice." *Massaro v. United States*, 538 U.S. 500, 504 (2003). Accordingly, Knowles cannot prevail on any ground that she could have raised on direct appeal.

The general rule does not apply to claims for ineffective assistance of counsel, which can be raised under § 2255 regardless whether the petitioner filed an appeal. *Id.* at 509. Knowles is trying to fit her appeal into this exception—she ends most of her arguments with a statement that her counsel was ineffective for failing to object to the various errors she is asserting. But she does not make her arguments under the appropriate standard, which requires her to show both that counsel's performance was deficient under an "an objective standard of reasonableness" and that she was prejudiced, meaning that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 687–88, 694 (1984). Knowles's failure to apply the *Strickland* standard would be reason enough to deny the petition.

But there are additional fundamental problems with each of her grounds for relief.

## A. Enhancement under USSG § 3C1.1 for obstruction of justice

Knowles contends that the court erred in applying the enhancement under USSG § 3C1.1 for obstruction of justice, and that counsel was ineffective for failing to object to it. But trial counsel *did* object. Dkt. 20, at 1-3. Knowles's argument that trial counsel was ineffective because he did not advise the court of the proper evidentiary standards applicable

is frivolous, because trial counsel made essentially the same argument that Knowles makes now.[1]

And that argument, especially as Knowles presents it now, is substantively wrong. Knowles contends that the obstruction enhancement applies only if the defendant's conduct results in "significant and actual obstruction or impediment" to the investigation or prosecution of the crime. Dkt. 7, at 6-8. And, according to Knowles, the court found that Knowles's conduct did not actually obstruct. But this misconstrues the record. At sentencing, the court acknowledged that Knowles's efforts to thwart the investigation were not effective— after all, she was indicted and pleaded guilty. Dkt. 36, at 7. But the court found that she attempted to interfere with the investigation by posing as a DEA agent and by encouraging a witness, JG, to lie to law enforcement officers. *Id*. The obstructive conduct itself is described in detail in the PSI, Dkt. 21, ¶¶ 31–36, 50, 58 (and others), and Knowles does not object to the factual accuracy of the PSI's description of the conduct.

The guideline enhancement, by its terms, applies to "attempted" obstruction, which suggests that it is applicable in cases like this in which the defendant does not successfully thwart the investigation or prosecution. True, the enhancement does not apply to minor

---

[1] The government says that objections to the guideline calculations would be barred by *Hawkins v. United States*, 724 F.3d 915, 916 (7th Cir. 2013), in which the court held that "an error in calculating a defendant's guidelines sentencing range does not justify postconviction relief unless the defendant [was] sentenced in the pre-*Booker* era, when the guidelines were mandatory rather than merely advisory." But it is not clear whether *Hawkins* applies to an ineffective assistance claim. *Compare United States v. Hunter,* No. 17 C 2857, 2018 WL 497371, at *5–6 (N.D. Ill. Jan. 22, 2018) (relying on *Hawkins* to bar ineffective assistance claim), *with Deutsch v. United States,* No. 10-CR-40048, 2016 WL 739031, at *4 (S.D. Ill. Feb. 25, 2016) (rejecting this argument). I am inclined to agree with the court in *Deutsch*, which reasoned that a claim for ineffective assistance rests on the Sixth Amendment, not the sentencing guidelines, so it is outside the scope of *Hawkins*. But because Knowles's claims fail on the merits without regard to *Hawkins*, I need not resolve the issue in this case.

conduct designed to avoid liability, such as fleeing from arrest or unsworn lying to law enforcement officers. *See* Application Note 5. This is the type of conduct at issue in the cases cited by Knowles, *United States v. Hanhardt*, 361 F.3d 382 (7th Cir. 2004), *cert. granted, judgment vacated sub nom. Altobello v. United States*, 543 U.S. 1097 (2005); *United States v. Griffin*, 310 F.3d 1017 (7th Cir. 2002); *United States v. Wells*, 154 F.3d 412 (7th Cir. 1998). But Knowles's conduct went well beyond dishonest denials of criminal activity. Knowles's attempt to get JG to lie is an example of covered conduct specifically set out in Application Note 4(B). And she impersonated a DEA agent several times in calls to pharmacists, and making statements to the pharmacists to encourage them not to make further contact with actual DEA agents. Dkt. 27, ¶ 36.

In the plea agreement, the government and Knowles agreed to recommend against the obstruction enhancement, so the government could not argue in support of this enhancement of sentencing. But the court was not bound to accept that recommendation. Knowles actively attempted to impede the investigation of her crimes in multiple ways, and the application of the enhancement was proper. And even if not, her trial counsel was not ineffective for failing to persuade the court on the point.

## B. Enhancement under USSG § 3B1.1 for organizer/leader role

Knowles also contends that the court erred in applying the enhancement under USSG § 3B1.1 for her organizer/leader role in the offense. Knowles acknowledges that trial counsel objected to the court's application of this enhancement through written objections, Dkt. 7, at 10, and yet she contends that trial counsel was ineffective for failing to object to the enhancement and by failing to apprise the court of the proper standards, *id*. at 16-17. Knowles cites no authority for the notion that counsel's performance is objectively unreasonable if he

fails to reiterate an objection that is already in the record. Knowles has failed to develop an argument that trial counsel was ineffective on this issue, and she waived her right to take a direct appeal of the court's application of the enhancement.

In any case, Knowles argument again misconstrues the record. Although court found that Knowles was not the leader of a typical unified conspiracy in which all the participants conspired with each other, the court found that Knowles was the hub of a criminal activity with the other participants. Dkt. 36, at 6. The PSI adequately established that there were at least five participants operating under Knowles's direction. Dkt. 27, ¶¶ 13-23, 43.

## C. The court's failure to determine the drug quantity

Knowles says that her counsel should have objected to the court's failure to determine the drug quantity involved in the crime, but she doesn't explain why she believes the court was required to make such a finding. I sentenced Knowles under USSG § 2D2.2, the guideline for acquiring a controlled substance by fraud or deception, which does not depend on a particular drug quantity. That is the obvious difference between this case those cited in Knowles's brief, *United States v. Patterson*, 872 F.3d 426, 437 (7th Cir. 2017), and *United States v. Soto-Piedra*, 525 F.3d 527, 531–33 (7th Cir. 2008), in which the drug quantity was relevant to determining the base offense level.

And if I had calculated the guidelines under § 2D1.1(c)(14), the guideline for possession with intent to traffic in controlled substances, I still would not have had to determine the drug quantity. Subsection (14) provides for a base offense level of 12 for quantities of amphetamine of 5 grams *or less*. So any quantity of amphetamine would have put Knowles at a base offense level 12. And if I had proceeded this way using § 2D1.1(c)(14), as the parties had agreed, Knowles would have received an adjusted offense level of 14, after the stipulated application

of the two-level enhancement for use of a special skill, under § 3B1.3. This is the same offense level she received using § 2D2.2. My guideline calculation put Knowles exactly where she would have been had I accepted the parties' recommendation in the plea agreement. So not only does Knowles fail to identify an error in the guideline calculation, she fails to show any prejudice either.

## D. Other arguments

Knowles raises several other arguments in her opening brief. But she drops them in her closing brief, and she does not mention them in her motion for expedited consideration, suggesting that she has abandoned them. But even if she didn't, they are also without merit.

First, she says that the court "improperly expand[ed] the offense to which [she] pleaded guilty" because the plea agreement is limited to a violation of 21 U.S.C. § 846, but the judgment of conviction includes both § 846 and § 843(a)(3) and (d)(1). Section 846 is the statute for attempt and conspiracy; it does include any substantive crimes, so it is not the basis for a conviction on its own. Section 843(a)(3) is the substantive crime, which makes it unlawful to "to acquire or obtain possession of a controlled substance by misrepresentation, fraud, forgery, deception, or subterfuge." And § 843(d)(1) sets out the statutory penalties, which in this case was a maximum of four years.

Although the plea agreement itself does not cite § 843, it does state that Knowles is pleading guilty to Count 5 of the indictment, Dkt. 14, ¶ 1, which alleges that she violated § 843 and § 846 by attempting to acquire and obtain a controlled substance by misrepresentation, fraud, forgery, deception, or subterfuge. Knowles also complains that the indictment was not read at the plea hearing, and that she did not waive reading. Dkt. 7, at 20. But this is, again, directly contradicted by the record, which reflects that Knowles waived a reading of the

indictment. Dkt. 48, at 2:14–17. Knowles does not contend that counsel was ineffective for waiving the reading. During the plea hearing, she acknowledged that she was charged with "knowingly and intentionally obtaining a controlled substance, outside the scope of professional practice and without a legitimate medical purpose, by forgery or deception," *Id.* at 7:14–17, as reflected in the indictment. There is simply no basis for her to contend that her judgment of conviction includes any crime to which she did not plead guilty.

Second, Knowles says that I accepted her plea without informing her of the rights she was waiving, and that I sentenced her without asking her whether she reviewed the presentence report (as required under Rule 11(c)(3) and Rule 32). The transcripts of the hearings show that both allegations are utterly false, Dkt. 48, at 11:22–12:24 and Dkt. 36, at 3:10–14, so this argument is also frivolous. (This argument is particularly objectionable, because I had warned Knowles that similar allegations in her original petition, Dkt. 1, were frivolous. Dkt. 2.)

Finally, Knowles lists a hodgepodge of additional reasons why she believes her counsel was ineffective, Dkt. 7, at 23-27, but she fails to show how any of these additional alleged deficiencies would meet the *Strickland* standard. For example, Knowles contends that trial counsel failed to seek a competency hearing, Dkt. 7, at 24–25, but she makes no effort to show that she was actually incompetent, or that being found incompetent would be of any advantage to her. A court may summarily deny a claim for ineffective assistance "if the petitioner makes allegations that are vague, conclusory, or palpably incredible, rather than detailed and specific," *Gaylord v. United States*, 829 F.3d 500, 506–07 (7th Cir. 2016) (internal quotations omitted). None of her conclusory complaints about trial counsel warrant further discussion.

CONCLUSION

As I explained during the sentencing hearing, Knowles's sentence was not driven by the technicalities of the guideline enhancements. I imposed a term of incarceration at the top of the guideline range because Knowles committed a serious crime that involved a sustained pattern of deception and the abuse of her position as a physician, for which Knowles had not fully accepted responsibility. None of the contentions in her petition have merit, and several are manifestly frivolous because they are directly contradicted by the record. Knowles's trial counsel served her ably and professionally; I cannot say the same for her current counsel.

Under Rule 11 of the Rules Governing Section 2255 Cases, I must issue or deny a certificate of appealability when entering a final order adverse to a petitioner. A certificate of appealability will not issue unless Meeker makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires him to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Although the rule allows me to ask the parties to submit arguments on whether a certificate should issue, it is not necessary to do so in this case. For the reasons already stated, I conclude that Knowles has not made a showing, substantial or otherwise, that he received ineffective assistance of counsel. Because reasonable jurists would not otherwise debate whether a different result was required, I will not issue Knowles a certificate of appealability.

ORDER

IT IS ORDERED that:

1. Petitioner Margaret Knowles's motion for expedited consideration, Dkt. 11, is GRANTED.

2. Knowles's petition under 28 U.S.C. § 2255 to withdraw her plea and vacate the sentence is DENIED.

3. Knowles is DENIED a certificate of appealability. If petitioner wishes, she may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22.

4. The clerk of court is directed to close the case.

Entered March 12, 2018.

BY THE COURT:
/s/

_____
JAMES D. PETERSON
District Judge