IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>　vs.<br><br>MARGARET "MEG" KNOWLES,<br><br>　　　　　　　Defendant. | Case Nos.:　3:17-cv-00792-JDP<br>　　　　　　　3:16-cr-00084-JDP<br><br>Notice of Appeal from the United States District Court for the Western District of Wisconsin |

## I. NOTICE OF APPEAL

　　Notice is hereby given that Defendant, Dr. Margaret "Meg" C. Knowles ("Defendant") in the above named case, hereby appeals to the United States Court of Appeals for the Seventh Circuit (the "Court of Appeals") from certain orders denying Defendant's petition under 28 U.S.C. §2255 to withdraw her plea and vacate her sentence, denying her an evidentiary hearing on the merits and denying a certificate of appealability issued by the United States District Court for the Western District of Wisconsin (the "District Court") and entered as of March 12, 2018

　　For purposes of clarification, the District Court concurrently issued two (2) identical orders in tandem – one filed in Case No. 3:16-cr-00084-JDP (the "Criminal Proceeding") as 'Document 51' and the other filed in Case 3:17-cv-00792-JDP (the "Civil Proceeding") as 'Document 12' (collectively, the "Orders"). This Notice of Appeal ("Notice") is intended to serve as a timely notice of both identical Orders, under Rule 4 of Federal Rule of Appellate Procedure ("FRAP").

WI10422.021803211

## II. REQUEST FOR CERTIFICATE OF APPEALABILITY BASED ON SUBSTANTIAL SHOWING OF DENIAL OF A CONSTITUTIONAL RIGHT

Pursuant to the Orders, Defendant hereby respectfully requests a certificate of appealability from the Court of Appeals under FRAP 22. As more specifically detailed in Defendant's Motion to Vacate, Set Aside or Correct a Sentence, Withdraw Plea and Vacate Conviction (the "Motion"), the District Court failed to make essential findings of fact which were legally necessary to support:

(1) its four-level enhancement (for 'criminal activity involving five or more participants or that is otherwise extensive') under USSG §3B1.1 (after failing to identify any other participant in the criminal activity and after failing to distinguish whether the criminal activity 'involved five or more participants' or whether it was 'otherwise extensive'); *see, e.g.*, <u>United States v. Patel</u>, 131 F.3d 1195 (7th Cir. 1997) (identifying each as constituting "an essential finding for the application of a three-level enhancement under section 3B1.1(b)");

(2) its two-level enhancement for 'obstruction' under USSG §3C1.1 (after expressly determining that <u>no obstruction</u> had occurred); *see, e.g.*, <u>United States v. Hanhardt</u>, 361 F.3d 382, 389-90 (7th Cir. 2004) (requiring the government to demonstrate "[s]ignificant and actual obstruction or impediment" to apply an obstruction enhancement); and

(3) its underlying conviction under 21 U.S.C. §§843; 846 (for its failure to make an explicit finding as to the drug quantity and offense level supporting the sentence); *see, e.g.*, <u>U.S. v. Patterson</u>, 996 F.2d 906, 913 (7th Cir. 2017) (requiring that "district courts must make an explicit finding as to the drug quantity and offense level supporting the sentence"; noting "the district court's failure to make or adopt an explicit factual finding as to the amount of drugs attributable to [the defendant] prior to sentencing constitutes plain error that calls into question the

fairness and integrity of Patterson's sentence.")

Proper redress of these legal deficiencies would release Dr. Knowles from incarceration, as her applicable sentencing range would materially drop to 0-6 months (had this Court made the findings of fact related to the drug quantity to support its underlying conviction for 21 U.S.C. §§843; 846). To date, she has already served over 9 months of her 16-month sentence. Upon filing her Motion, Defendant requested and was granted expedited consideration, as reflected in the Orders.

Pursuant to the legal standards regarding the issuance of a certificate of appealability ("COA") and arising from the Antiterrorism and Effective Death Penalty Act ("AEDPA"), (1) reasonable jurists could differ as to whether counsel was ineffective in addressing the above-referenced issues, (2) the issues are debatable among reasonable jurists; (3) another court could resolve the issues differently; or (4) the questions raised are adequate enough to encourage Defendant to proceed further.

### III. REQUEST FOR EXTENSION TO FILE PROPER MOTION FOR COA

While this Notice is intended to preserve Defendant's rights, including but not limited to those under FRAP Rule 4 and 22, Defendant is incarcerated, is actively seeking substitution of legal counsel and respectfully requests an extension to file any and all reasonably necessary motions, briefs and/or other filings to support her appeal and/or request for certificate of appealability.

DATED: March 21, 2018

Respectfully submitted,
LAW OFFICES OF COLE SHERIDAN

By: _____
Cole R. Sheridan
Attorney for Defendant

Cole R. Sheridan (Bar No. 215109)
LAW OFFICES OF COLE SHERIDAN
9350 Wilshire Boulevard, Suite 203
Beverly Hills, CA 90212
Email: csheridan@csheridanlaw.com
Phone: (310) 819-9640 / Fax: (310) 819-9641

# CERTIFICATE OF SERVICE

I hereby certify that on March 21, 2018, I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Western District of Wisconsin by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

DATED: March 21, 2018

Respectfully submitted,

LAW OFFICES OF COLE SHERIDAN

By: _____
Cole R. Sheridan
Attorney for Defendant

Cole R. Sheridan (Bar No. 215109)
LAW OFFICES OF COLE SHERIDAN
9350 Wilshire Boulevard, Suite 203
Beverly Hills, CA 90212
Email: csheridan@csheridanlaw.com
Phone: (310) 819-9640 / Fax: (310) 819-9641